## In re Sunday Motion Picture Referendum in Carmichaels

*John E. Baily*, for petitioner.
*Albert A. Sayers*, for respondents.

WAYCHOFF, P. J., December 10, 1938.—This matter comes before the court as follows:

On November 8, 1938, an election was held in the Borough of Carmichaels, Greene County, Pa., at which one of the questions to be decided was the desire of the people of Carmichaels Borough with reference to the exhibiting of motion pictures on Sunday. The election was duly held and return thereof made by the election board of the district showing a tie vote on the question submitted of 176 for and 176 against.

Thereafter, the matter, upon petition, was canvassed by the county election board and the ballots recounted and it was found that a correct count showed 175 voters voting in favor of Sunday movies and 177 against.

It was also found that four ballots had been issued by the election board to duly authorized voters of the election precinct and were not accounted for. No one seems to have voted them or returned them and there is no record of what became of them.

Counsel for Felix Palone, owner of the moving picture house in the said Borough of Carmichaels, claims that the failure of the election board to account for the four ballots voids the entire election insofar as the moving picture referendum was concerned.

We have examined the law and decisions upon this question and we are of opinion that the failure to account for the four ballots is not sufficient reason upon which to ground a reversal of the decision of the election board of the county. The most reasonable explanation of the loss of the ballots is that some voter has forgotten to vote the special ballot or has declined to vote it and has illegally carried the ballot away with him. We do not feel that all the voters of the district should be disenfranchised because four of them, either through ignorance or desire, neglected to vote. We do not regard that it in any way establishes a fraud in the election. For that reason we have adopted the law as laid down in the following cases: In re Wheelock's Contested Election, 82 Pa. 297, 3 W. N. C. 163; In re Boileau's Case, 2 Pars. Eq. 503; Skerrett's Case, 2 Pars. Eq. 509; Weaver v. Given, 1 Brewst. 140, 6 Phila. 114; In re Walker's Contested Election, 3 Luz. L. R. 130.

The court will not set aside an election for an irregularity not of a flagrant kind where there is no charge of fraud.

### Order

And now, December 10, 1938, this matter came on to be heard, was argued, and briefs submitted, and after consideration the court dismissed the appeal of Felix Palone et al. heretofore taken in this matter at the cost of appellants.